## Mazzani v. Keyes.

(Decided November 9, 1923.)

### Appeal from Jefferson Circuit Court (Common Pleas, Second Division).

1. Damages—Verdict for $720.00 Not Excessive for Injuries to Ribs, Head, Shoulder, Groin, and Stomach.—A verdict for $720.00 was not excessive for one who suffered fracture of three ribs, and was injured in head, shoulder, groin, and stomach, and suffered a great deal of pain, and lost eight weeks' time, which with his doctor's bills amounted to over $200.00, and had not fully recovered at the time of the trial.

2.  Damages—No Recovery for Specific Injury Not Averred.—Evidence cannot be received upon the trial of a case for damages for personal injury of a specific and definite hurt, which is not sufficiently averred in the pleadings.        .

3.  Damages—Tympanitis Held Within Injuries Alleged.—Allegations that plaintiff was knocked to the ground "injuring him in the stomach and groins, and bruising and injuring his arms, legs," held sufficiently definite to warrant the introduction of evidence of tympanitis.

4.  Municipal Corporations—Instruction as to Extending Hand and Sounding Horn in Turning Held Not Erroneous.—An instruction, whereby the jury was authorized to find for plaintiff, only if it believed from the evidence that the failure of defendant automobilist to extend his hand to indicate the direction in which he was turning and to sound his horn as he turned contributed to bring about the accident, and "thereby caused" his automobile to strike plaintiff, held not erroneous, though the act of 1920 governing the operation of motor vehicles did not become effective until after the accident, in view of prior acts and ordinances of the same general nature.

5.  Municipal Corporations—Instruction as to Extending Hand and Sounding Horn Held Proper, though Injured Person Did Not See Automobile.—The fact that injured pedestrian testified that he did not see or know of the approach of defendant automobilist until struck, did not render it error to instruct to find against defendant, if he failed to sound his horn and extend his hand to indicate direction in which he was turning, and such failure caused the automobile to strike the plaintiff.

6.  Negligence—Injury Must be Proximate Result of Act.—The injury must always be the proximate result of the negligent act of defendant, or no recovery can be had.

JOHN P. HASWELL for appellant.

DUFFIN, RAY, VANCE & DUFFIN, BECKHAM OVERSTREET, and CHAS. T. RAY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

Appellee, William Keyes, an old colored man, was walking along Alta avenue near Bardstown road, in Louisville, when he was struck by the automobile of appellant, Mazzani, and knocked to the ground and dragged for some distance, resulting in his serious injury. He commenced this action in the Jefferson circuit court against Mazzani to recover $5,000.00 damages, and a jury awarded him $720.00. He was confined to his bed for about two weeks and was unable to do any work for about eight weeks. He had two physicians to whom he paid

bills. He was earning $2.50 per day and had a regular job.

Appellant Mazzani was driving his new car east on Bardstown road and was on the right of the center line of the street when he came to the mouth of Alta avenue, into which he desired to turn. Without putting out his hand to indicate in which direction he proposed to go, or sounding a signal, he turned into Alta avenue, and before he had gone more than thirty or forty feet struck appellee Keyes in the side and back as above stated. Appellant admits he did not give the signals which were due upon his arriving at a street intersection and upon his turning a corner, but he says he did give an alarm signal immediately before he struck appellee. According to the undisputed evidence appellee had been to a hardware store on the south side of Bardstown road, at a point east of the intersection of that highway with Alta avenue; that he walked west on the pavement along the south side of Bardstown road until he came opposite the mouth of Alta avenue, and then turned across Bardstown road into Alta avenue and was crossing that street at an angle towards the west side thereof and was almost ready to step upon the curbing when struck; that his back and side were towards Bardstown road, from which direction appellant came, and he did not see or know of the approach of appellant's car until he was struck; that appellant did not give any audible signal either at the time he entered the avenue or immediately before, or at the time he struck appellee or immediately before.

Appellant Mazzani says he looked up the avenue at the time he entered it and he did not see any person or vehicle or any living or moving thing in it and that appellee Keyes came suddenly and unexpectedly in front of his car, and while he attempted to turn his car so as to miss him he was unable to avoid striking appellee because of the short distance appellee was in advance of the car at the time his presence was discovered by Mazzani. Appellant Mazzani asks a reversal of the judgment for the following reasons:

"1. The verdict is excessive.

"2. Evidence was allowed to be heard over appellant's objection as to injuries not pleaded.

"3. Court failed to give instruction covering the defendant's theory of the case.

"4. Instruction No. 1 was based upon statutes that did not become effective until ninety days after the accident complained of in the petition and that instruction No. 3 was predicated upon instruction No. 1.

"5. An instruction cannot be predicated upon another instruction which is based upon a proposition that had no effect upon the question of negligence in a personal injury case.

"6. In a suit for personal injury the instructions must require the jury to believe that the injury was the direct and proximate result of the negligence of the defendant."

A mere statement of the facts with respect to the extent of the injury is sufficient to refute appellant's contention that the verdict is excessive. Appellee suffered the fracture of three ribs; he had an injury in the head, in the shoulder and groin and stomach, and suffered a great deal of pain, and lost eight weeks' time, and had not fully recovered at the time of the trial. His doctor bills and loss of time amounted, according to his testimony, to something more than $200.00, so that the jury allowed him only about $500.00 for his injury. This, under all the circumstances, if he was entitled to recover at all, was rather small.

2. It must be conceded that evidence cannot be received upon the trial of a case for damages for personal injury for a specific and definite hurt which is not sufficiently averred in the pleadings. One of the doctors testifying in the case, states that when he examined appellee Keyes he found he had some swelling of the bowels which likely resulted from the injury in the abdomen. In explaining what he found when he examined the patient, the doctor said: "I found considerable abrasion on the right side of the head and on the left side. I diagnosed as two or three fractured ribs, and there was also complaint of pain in his right—let's see—right groin; it was easily to make out, at the time I examined him, the tympanites; that is, a considerable distension of his bowels." It is the contention of appellant that there was no complaint in the petition of "tympanitis," and therefore the doctor should not have been allowed to testify concerning it. We do not think this position tenable, even if tympanitis is a separate and distinct injury and not a symptom, for it is alleged in the petition that the injury happened by the "automobile striking plaintiff with great force and violence, and knocking him upon the ground, and ran said

automobile against, upon and over this plaintiff, thereby injuring him upon his head, right side, right shoulder, and injuring, breaking and fracturing four (4) ribs upon his right side and chest and injuring him in the *stomach and groins,* and bruising and injuring his arms, legs, all to his damages in the sum of $5,000.00.'' We think these averments are sufficiently definite to have apprised the appellant of the nature of the injuries for which plaintiff sued, and they were broad enough to include tympanitis.

3. The instructions given by the court fully cover appellant's theory of the case, which was that appellee was guilty of contributory negligence, but for which he would not have suffered injury.

4. Although the act of the 1920 legislature governing the operation of motor vehicles upon public highways did not become effective until after the accident which is the basis of this litigation, it was preceded by two or three acts of the same general nature which were in force at the time of the accident. There was also a general ordinance effective in the city of Louisville, governing and controlling the operation of motor vehicles upon the streets of that city. When these are read together we do not think instructions Nos. 1 and 3, of which complaint is made, were prejudicial to the rights of appellant since the jury was only allowed to award appellee damages in case it believed from the evidence that the failure of the appellant to exercise the degree of care indicated in the instructions brought about the accident and injury and *thereby caused* the automobile to strike the plaintiff Keyes. The jury was not authorized under this instruction to find anything for plaintiff Keyes unless it believed from the evidence that the failure of appellant to extend his hand to indicate the direction in which he was turning and to sound his horn as he entered Alta avenue contributed to bring about the accident, and *thereby caused* his automobile to strike appellee. When the instructions are read together we are inclined to think them substantially correct and that they presented the law of the case.

It is argued that inasmuch as appellee testified at the trial that he did not see or know of the approach of appellant and his car until appellee was struck that the giving of a signal by extending his left hand horizontally would not have aided appellee or protected him against the misfortune, and that the court erred in instructing

the jury upon that subject. It was the duty, under the ordinance of the city at the time of the accident, for every driver of a motor vehicle on approaching an intersection to give a signal by horn or bell, and if he was going to cross the street or turn a corner, to extend his hand so as to indicate the direction which he was going to travel so as to warn persons both in front and behind, of the direction he proposed to go, and this rested upon him even though appellee Keyes was not looking in that direction. That fact did not affect the law of the case.

The injury must always be the proximate result of the negligent act of the defendant, else no recovery can be had. The instructions of the court should so state. In effect the instructions in this case did direct the jury it could find and return a verdict for the appellee only in case it believed from the evidence that the injury was the direct result of the negligence of appellant Mazzani.

Upon the whole we think appellant had a fair trial. We find no error to his prejudice and the judgment must be affirmed.

Judgment affirmed.